## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court PENNSLYVANIA | District EASTERN |
|---|---|

| Name (under which you were convicted): JUAN JARMON | Docket or Case No.: CCIM No. 17-72-1 |
|---|---|

| Place of Confinement: U.S. Penitentiary Allenwood | Prisoner No.: |
|---|---|

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v. | JUAN JARMON |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   U.S. Dist court. For the Eastern District oF Pennsylvania

   (b) Criminal docket or case number (if you know): 17-72-1

2. (a) Date of the judgment of conviction (if you know): March 13, 2019

   (b) Date of sentencing: November 21, 2019

3. Length of sentence: 360 months

4. Nature of crime (all counts): conspiracy to Distribute crack/ Distribution oF crack/ Aiding and abetting/ Distribution of crack within 1000 Feet of public Housing/ Possession with intent to distribute crack/ Aiding and abetting/ Possession with intent to Distribute within 1000 Feet of public Housing / Aiding and abetting/ Unlawful communication Facility in Furtherance of a drug Felony

5. (a) What was your plea? (Check one)

   (1) Not guilty ☑   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☑   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?  Yes ☑  No ☐

9. If you did appeal, answer the following:

   (a) Name of court: U.S. Court of Appeals Third circuit

   (b) Docket or case number (if you know): No. 19-1652    No. 20-1315

   (c) Result: denied

   (d) Date of result (if you know): November 21, 2019

   (e) Citation to the case (if you know): 14 F 4t 268  2021 U.S. App. Lexis 27664

   (f) Grounds raised: Insufficient Evidence / Sentencing Error / Court Error

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☑  No ☐

   If "Yes," answer the following:

   (1) Docket or case number (if you know): No. 21-6679

   (2) Result: denied

   (3) Date of result (if you know): January 24, 2022

   (4) Citation to the case (if you know): 142 s<t 930  211 L.Ed. 2d 615  2022 Lexis 643

   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☑  No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: U.S. Dist Court Eastern District of Pennsylvania

       (2) Docket or case number (if you know): 17-72 ~1

       (3) Date of filing (if you know): January 3-2020

(4) Nature of the proceeding: *motion For Judgment OF ACQuittal*

(5) Grounds raised: *INSUFFiCient Evidence*

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ☐     No ☑

(7) Result: *Denied*

(8) Date of result (if you know): *September 2, 2022*

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: *NONE*

(2) Docket or case number (if you know): *NA*

(3) Date of filing (if you know): *NA*

(4) Nature of the proceeding: *NA*

(5) Grounds raised: *NA*

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ☐     No ☐     *NA*

(7) Result: *NA*

(8) Date of result (if you know): *NA*

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:          Yes ☐     No ☐     *NA*

(2)  Second petition:     Yes ☐     No ☐     *NA*

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: *NA*

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** *INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AT TRIAL*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*(1). Failed to object to a Juror remaining on the Jury when Juror stated she could not understand the Evidence*

*(2). Insufficient Evidence on count - two, due to Juror not Understanding the Evidence*

*(3) Insufficient Evidence of Aiding and abetting*

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

*cannot raise Ineffective Counsel on appeal*

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If your answer to Question (c)(1) is "Yes," state: *NA*

Type of motion or petition: *NA*

Name and location of the court where the motion or petition was filed: *NA*

Docket or case number (if you know): *NA*

Date of the court's decision: *NA*

Result (attach a copy of the court's opinion or order, if available): *NA*

 

(3) Did you receive a hearing on your motion, petition, or application? *NA*

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application? *NA*

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? *NA*

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state: *NA*

Name and location of the court where the appeal was filed: *NA*

 

Docket or case number (if you know): *NA*

Date of the court's decision: *NA*

Result (attach a copy of the court's opinion or order, if available): *NA*

 

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: *NA*

 

**GROUND TWO:** *INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*Failed to argue insufficient evidence on sentencing enhancement of 280 Grams or more of crack cocaine in light of New case law*

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

*N A*

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

*NA*

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

NA

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

NA

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ❑   No ❑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

NA

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

*N A*

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ❏ No ❏

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❏ No ❏

    (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ❏   No ❏

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*   *NA*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

    (1) the date on which the judgment of conviction became final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

*SEE MEMORANDUM OF LAW IN SUPPORT*

or any other relief to which movant may be entitled.

_____*NONE*_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

X  Executed (signed) on _____*1-13-23*_____ (date).

X _____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

FROM:
TO:
SUBJECT: legal 1
DATE: 10/18/2022 06:36:26 AM

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSLYVANIA

UNITED STATES OF AMERICA,
            Respondent,

        VS.                                    CRIMINAL NO. 17-72
                                               DOC NO. 2:17CR000072-000
                                               JUDGE: PAUL S. DIAMOND

JUAN JARMON,
            Petitioner.

MEMORANDUM OF LAW
IN SUPPORT OF 28 U.S.C. 2255 MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE

Comes now the petitioner Juan Jarmon pro se nd submits the following in support of his 28 U.S.C.. 2255.

JURISDICTION

This court has jurisdiction to hear this cause of action under Federals Rules Of Civil Procedure 28 U.S.C.. 2255.

PRECEDURAL HISTORY

On February 8, 2017, a Federal Grand Jury in the eastern district of Pennsylvania returned a 48 count Indict-

ment charging Juan Jarmon (01) Damon Edwards (02) Edward Stinson (03) Donta Edwards (04) Rasheed Butler (05)

Michael Ferrell (06) Dottie Good (07) Taft Harris (08) Steven Thompson (09) Stephen Dawkins (10) Derek Fernandez

(11) Anthony Lee Staggers (12) and Gene Wilson (13) with the following offenses: Conspiracy to distribute 280

grams or more of cocaine Base (crack) in violation of 21 U.S.C. 846 and 841(a)(1) and (b)(1)(A). Count-One.

Distribution of cocaine base (crack) in violation of 21 U.S.C. 841(a)(1) and (b)(1)(C) [Counts 3,5,7,9,11,13,15,22,

34,38,and 44]. Distribution of cocaine base crack and aiding and abetting in violation of 21U.S.C.841(a)(1) and

(b)(1)(C) [Counts 17,42, and 46]. Possession with intent to distribute cocaine base (crack) in violation of

21 U.S.C. 841(a)(1) and (b)(1)(C) [Count 40].    Possession with intent to distribute cocaine base (crack) and aiding

and abetting in violation of 21 U.S.C. and (b)(1)(C) and 18 U.S.C. 2. [COUNTS 20,24,26,28,30,32,36].

-------------------------------------------------------------------------------

FROM:
TO:
SUBJECT: legal 2
DATE: 10/18/2022 06:38:11 AM

. Distribution of cocaine base (crack) within 1000 feet of public housing in violation of 21 U.S.C. 860(a) and 841(a)(1) and (b)(1)(C) [counts 4,6,8,10,12,14,16,23,35,39,and 45]. Distribution of cocaine base (crack) within 1000 feet of public housing and aiding and abetting in violation 21 U.S.C. 860(A) AND 841(a)(1) AND (b)(1)(C) AND 18 u.s.c. 2. [counts 18,43,47]. Possession with intent to distribute cocaine base (crack) within 1000 feet of public housing in violation of 21 U.S.C. 860(a) and 841(A)(1) AND (b)(1)(C) [count 41]. Possession with intent to distribute cocaine base (crack) within 1000 feet of public housing and aiding and abetting in violating of 21 U.S.C. 860(a) and 841(a)(1) and (b)(1)(C) and 18 U.S.C. 2. [counts 21,25,27,29,31,33,and 37].

Unlawful communication facility in furtherance of a drug felony in violation of 21 U.S.C. 843(b) [counts 2, and 19]. and maintaining a drug House and aiding and abetting in violation of 21 U.S.C. 856 and 18 U.S.C. 2 [count 48]. A notice of forfeiture accompanied the indictment.

   Specifically, Juan Jarmon was charged in coun1,2,7,8,9,10,11,12,13,14,15,16,17,18,19,20,21,22,23,24,25, 26,27,28,29,30,31,32,33,and 37 of the indictment.

   On March 1, 2019, the U.S. attorney 's office for the eastern district of Pennsylvania filed an information pursuant to 21U.S.C 851(a) charging a prior felony drug offense.

   On March 13, 2019, Jarmon was convicted by a jury on counts1,2,7,8,9,11,12,13,14,15,16,17,18,34,25,26, 27,28,29,30,31,32,and 33. He was acquitted on counts 22, and 23.

   The government withdrew counts 10,19,20,21,36,and 37 as to Juan Jarmon prior to trial.

   On November 21, 2019, the court sentenced Juan Jarmon as follows: count one, 360 months. count two, 48 months. counts 8,12,14,16,18,25,27,29,31,and 33, 360 months. count nine, 240 months. all such terms to run concurrently.     Supervised release count one, 5 years. count two, 1 year. counts 8,12,14,16,18,25,27,29, 31,and 33, 6yearss. count nine, 3 years. all to be served concurrently. Special assessment $1300.00

------------------------------------------------------------------------

FROM:
TO:
SUBJECT: legal 3
DATE: 10/18/2022 06:38:47 AM

ARGUMENT

GROUND ONE
ISSUUE ONE

### INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner argues that he was denied effective assistance of counsel in violation of the sixth amendment to the constitution of the United States when trial counsel Maureen C. Coggins failed to object to a juror remaining on the jury and returning a verdict when she (juror) stated that she was having trouble understanding whats on the tapes (phone recordings).

Petitioner avers that without having understood the evidence, the juror could not form her own opinion and make a valid determination as to guilt or innocence in this case, and, therefore, allowing her to remain on the jury panel denied Petitioner of his fundamental rights to a fair and impartial jury.

Petitioner further contends that when counsel failed to investigate potential solution to the problems caused by the juror not understanding the evidence or the potential impact of the juror's vote, or review whether the juror could be replaced with an alternative juror. It undermines any claim that counsel made a strategic decision to allow the juror to remain on the jury.

Overall counsel's lack of action constitutes a failure to protect the petitioner's fundamental rights.

Petitioner now submits that he was convicted on Count-Two of his indictment, stating:

> On or about October 3, 2012, in Philadelphia, in the Eastern District of Pennsylvania, Defendants Edwards Stinson and Juan Jarmon knowingly and intentionally used a communication facility, that is, a telephone, in facilitating a drug felony, mainly conspiracy to distribute cocaine base (Crack) in violation of Title 21 U.S.C. Section 846, and that Defendants Stinson and Jarmon used the telephone to discuss the operations of a crack cocaine distribution business, and Defendant Stinson gave permission to Defendant Jarmon to operate on the 18th Floor of the Hemberger Building, telling Defendant Jarmon that he could make all the money off the building right now. In violation of 21 U.S.C. Section 843(b). See Indictment at Count-Two.

------------------------------------------------------------------------------------

FROM:
TO:
SUBJECT: legal -- 4
DATE: 10/18/2022 06:40:56 AM

. The jury found the Petitioner guilty of Count-Two of the verdict form which stated as follows:

> Use of a communication facility to facilitate a drug trafficking
> crime, on or about October 3, 2012, we unanimously find Juan
> Jarmon guilty. See verdict Form on Count-Two.

Petitioner states that at trial, the government played (58) fifty-eight recorded phone calls as evidence in support of the indictment. See trial Transcript, @ A121:19.

Petitioner further states that the first tape recording that was played for the jury was a call from October 3, 2012 in which it was in reference to Count-Two of the indictment. See trial Transcript @ pgs. A121 through A127.

With the above being stated, Petitioner submits that the court during a jury break informed the government and defense counsel that one of the jurors told Ms.. Wittje (Court reporter) that she is having trouble understanding what's on the tapes. See trail Transcripts @ pg. A132:3-7.

Petitioner avers that the dictionary gives the definition of "understanding" as an individual's perception or judge-ment of a situation. See Oxford Pocket Dictionary @ pg. 888.

The court's have held that, a juror's primary function requires an unimpeded perception, for without the ability to perceive, there is no ability to evaluate, reconcile or judge. see: Eckstein v Kirby 452 f. supp 1235, 1243 (E.D. Ark. 1978).

Petitioner argues that the trial transcript indicates that the juror failed to understand what was being said on the tapes and it also indicates that neither the trial court nor counsel conducted even a rudimentary inquiry into the juror's inability as to why she failed to understand them. see: Tr. Trans. pg.. A132.

Petitioner further argues that no effort was made to determine whether the juror had heard or understood anything on the tapes due to either unintelligible language or either to her being incompetent or some other physical impairment.

Petitioner avers that counsel's failure to explore the juror's inability to understand, or challenge her as a juror, constitutes deficient performance under Strickland.

Petitioner also submits that in the absence of evidence to the contrary, this court must take the juror's word that she was unable to understand what was said on the tapes. Therefore, she was not able to render a verdict based on a fair consideration of the evidence.

-----------------------------------------------------------------------------------

FROM:
TO:
SUBJECT: legal 5
DATE: 10/18/2022 06:41:37 AM

Due to counsel's deficient performance, the juror remained on the jury that convicted petitioner.

The law mandate that juror's render a verdict based on the evidence presented in court, but that did not occur here in this case.

The supreme court in Irvin v Dowd 366 U.S. 717,723  81 S.ct 1639  6 L.Ed.2d 751 (1961) held: A juror who cannot hear OR understand any of the evidence presented in court, cannot logically render a verdict based on the evidence, and therefore, is not an impartial and competent decision maker.

Also, the third circuit has held that, the denial of a defendant's right to an impartial adjudicator "be it judge or jury" is a structural defect in the trial.  see: United States v Mitchell 690 F.3d 137,148 (3d Cir.. 2012). (quoting Gomez v United States 490 U.S. 858, 876  109 S.ct 2237  104 L.Ed.2d 923 (1989).

A structural error is a defect in the trial mechanism itself, effecting the entire trial process and is per se prejudicial.  see: Hassine v Zimmerman 160 F.3d 941. 949 (3d cir. 1989).

With Brecht v Abrahamson 507 U.S. 619, 629-30  113 S.ct 1710  123 L.Ed,2d 353 (1993) (holding that the existences of structural errors requires automatic reversal of the conviction because they infect the entire trial process).

Had counsel requested some sort of inquiry into the jurors inability to understand, the trial judge would have been forced to rule, a ruling that counsel could have objected to and pursued as error on direct appeal, if needed to do so.  See Virgil v. Dretke, 446 F.3d 598, 613 (5th Cir. 2006).

Given the fundamental nature of a defendant's right to a trial by an impartial and competent jury.  The result in this case is unreliable.   Our criminal justice system is predicated on the notion that those accused of a criminal offense are innocent until proven guilty and are entitled to a jury of person willing and able to consider fairly the evidence presented in order to reach a determination of guilt or innocence.  Petitioner avers that he was totally denied this basic and fundamental right.

Since counsel did not challenge the juror remaining on the jury, or request a hearing, or consult petitioner regarding any of these possible responses to the juror's revelation, then the petitioner states that he was prejudiced by the presence of the juror remaining on the jury when she did not understand the evidence.

In sum, counsel's failure to follow-up in response to the court's stating that one of the jurors was having trouble understanding the evidence [phone calls] constitutes objectively unreasonable performance, which denied Petitioner

.  a competent jury and thus a fair and reliable trial under Strickland v Washington 466 U.S. 668,687 104 S.ct 2952

80 L.Ed.2d 674 (1984).

## CONCLUSION

    Petitioner submits to this honorable court that every count of the indictment was effected due to the juror's

non-impartiality and therefore counsel was ineffective for failing to object to the juror remaining on the jury and

returning a verdict without understanding the evidence.

    Petitioner therefore ask this Honorable court to dismiss all counts of conviction and sentences against him, and grant
a new trial, or in the alternative hold an evidentiary hearing.

## ARGUMENT

GROUND ONE
ISSUE TWO

### INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

    Petitioner argues that counsel was ineffective and committed error by failing to argue insufficient evidence as

to count two, through judgment of acquittal due to the fact that the government did not put forth proof beyond a

reasonable doubt that petitioner committed the crime alleged therein since the ONLY proof presented was of a

recorded phone call in which a juror had stated that she was having trouble understanding what was on the tapes.

### COUNT TWO OF THE INDICTMENT CHARGED:

    On or about October 3,2012, in Philadelphia in the eastern district of Pennsylvania, defendants Edward Stinson

and Juan Jarmon knowingly and intentionally used a communication facility, that is a Telephone , in facilitating a

drug felony, namely, conspiracy to distribute cocaine base (crack) in violation of Title 21 U.S.C. 846, in that

defendants Stinson and Jarmon used the telephone to discuss the operation of a crack cocaine distribution

business,and defendant Stinson gave permission to defendant Jarmon to operate on the 18th floor of the

Hemberger Building, telling defendant Jarmon that he could make all the money off the Building right now.

In violation of 21 U.S.C. 843(b).    see: indictment at count Two Pg.. 25

----------------------------------------------------------------------------------------------------

FROM:
TO:
SUBJECT: legal 7
DATE: 10/18/2022 06:42:57 AM

.    The essential elements of using a communication facility to facilitate drug conspiracy under 21 U.S.C. 843(b) are

(1) knowingly or intentionally (2) use of a communication facility(3) to commit, cause of facilitate the commission

of a drug felony. United States v Johnstone 856 F2d 539,542 (3d cir. 1988).

At trial, the government played recorded phone calls in support of their position against petitioner on all counts.

Petitioner states that before the first call recording was played that the following questions and answers took

place from the government and their witness agent Cardone dealing with transcripts being used to back the

conversation on the recorded phone calls.

Q. very briefly, I want to just talk about some of the other abbreviations you might see on those transcipts

when you were reviewing these and approving these transcripts, what does U I stand for?

A. U I stands for unintelligible.

Q. sometimes you might see O V, what does that mean?

A. O V means there was and overlapping voice, or two people were talking over each other.

Q. Okay, and at times when either the language is unintelligible or there's an overlapping voice, does that

happen frenquenty?

A. Yes.

See: Tr. Tran. at pg A121 7-18.

Petitioner submits that the definition of frenquent = 1. Occurring often or in close succession. 2. Habitual.

See: Oxford Pocket American Dictionary at pg. 314.

The definition of habitual = done constantly.   See: Oxford at pg. 353.

After the above being stated, the petitoner further states that, The first (tape recording) that the

government played was a concensually recorded call from October 3, 2012, which was in reference to count two

of the indictment.   See: Tr. Tran. at pg 120-127.

And petitioner submits that during a jury break after only three of tapes had been played, the court informed

the government and the defense counsel that one of the jurors told Ms. Wittje (cortt recorder) that she's having

trouble understding whats on the tapes.   See: Tr. tran. at pg A132 3-7.

FROM:
TO:
SUBJECT: legal 8
DATE: 10/18/2022 06:44:27 AM

With the above being stated, the petitioner states that a juror's primary function requires an unimpeded perception, for without the ability to perceive, there is no ability to evaluate, reconcile or judge. See:Eckstein v Kirby 452 F. Supp. 1235, 1243 (E.D Ark. 1978).

Petitioner further states that without the juror understanding what was said on the tapes, then there was no evidence for her to perceive.

Petitioner does submit that after the tape was played to the jury that the government did question their witness agent Cardone through using dialogue from the transcripts that was shown to the jury as a backup as to what was said on the tape recordings in which agent Cardone read the dialogue also from the transcripts to answer the governments questions.   See:  Tr. Tran. at pg. A125-A127.

But, Petitioner argues that neither the questions nor the answers can be considered as evidence, and this is from the simple fact that the court had instructed the jury before the tapes were played, that the transcripts could not be considered as evidence, that only the tape recordings could be.     See: tr. Tran. at A119  5-20. also Jury charge at pg. 37.

Petitioner argues that the only evidence that the government put forth, was the tape recording in which the juror could not understand.

Therefore the petitioner asserts that the evidence could not reasonably support a finding of guilt beyond a reasonable doubt.  and counsel should have argued so.

Re Winship presupposes as an essential of the due process guaranteed by the 14th/5th amendment that no person shall be made to suffer the onus a criminal conviction except upon sufficient proof-defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense. See: re Winship 397 U.S. 358  25 LEd.2d 368  90 s.ct 1068  (19    ).

After re Winship, the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the record evidence could reasonable support a finding of guilt beyond a reasonable doubt.  the relevant question is whether after viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have found the essential elements beyond a reasonable doubt.

-------------------------------------------------------------------------------

FROM:
TO:
SUBJECT: legal 9
DATE: 10/18/2022 10:12:18 AM

In re Winship, the court held for the first time that the due process clause of the 14th/5th amendment protects a defendant in a criminals case against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. 397 U.S. at 364.

The standard of proof beyond a reasonable doubt, said the court, plays a vital role in the American scheme of criminal procedure because it operates to give concrete substance to the presumption of innocence, to ensure against unjust convictions, and reduce the risk of factual error in a criminal proceeding. 397 U.S. 363. At the same time, impressing upon the fact finder the need to reach a subjective state of near certitude of the guilt of the accused, the standard symbolizes the significance that our society attaches to the criminal sanction and thus to liberty itself. Id. at 372.

The Winship doctrine requires more than simply a trial ritual, A doctrine establishing so fundamental a substantive constitutional standard must also require that the factfinder will rationally apply that standard to the facts in evidence, yet a properly instructed jury may occasionally convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt, and the same may be said of a trial judge sitting as a jury.

In a federal trial, such an occurrence has traditionally been deemed to require reversal of the conviction. See: Glasser v United States 315 U.S. 60, 80  86 L.Ed. 680  62 S.ct 457 (19  ).

After Winship the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.

But this inquiry does not require a court to ask itself whether it believes that the evidence at trial established guilt beyond a reasonable doubt.      Woodsy v Ins  385 U.S. 276, 282   32 LEd.2d 362  87 S.ct 483  In stead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  See: Johnson v Louisiana 406 U.S. 356, 362  32 L.Ed 2d 152  92 S.ct 1620. This familiar standard gives full pay to the responsibility of the trier of fact to fairly to resolve conflicts in the testimony, to weigh the evidence, and draw reasonable interferences from basic facts to ultimate facts, once the defendant has been found guilty of the crime charged, the factfinders role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution.

---

.     The criterion thus impinges upon the jury discretion only to the extent necessary to guarantee the fundamental

protection of due process of law.

Petitioner submits that, a mere modicum of evidence may satisfy a no evidence standard...Jacobellis v Ohio

378 U.S. 184, 202   12 L.Ed.2d  793  84 S.ct 1676.

Any evidence that is relevant-that has any tendency to make the existence of an element of a crime slightly more

probable than it would be without the evidence,  Fed. R. Evid. 401- could be deemed a "mere modicum".  But it

could not seriously be argued that such a modicum of evidence could by itself rationally support a conviction

beyond a reasonable doubt.

Petitioner argues that the only evidence in support of the governments position, that is what it could be called,

is that the record does not reflect one hundred percent that the juror did not understand some of the evidence

(words) on the recordings.  But on the other hand, there is no proof that she understood any of it, and therefore as

stated, it could not be seriously be argued that such a modicum of evidence could by itself rationally support a

conviction beyond a reasonable doubt, and therefore even considering the evidence in the light most favorable to

the government, there still no proof beyond a reasonable doubt.

Pursuant to Rule 29 of the Federal Rules Of Criminal Procedure, a court must enter a judgment of acquittal

of any offense for which the evidence is insufficient to sustain a conviction.  See: Fed. R. Crim. Pro. 29(a).

And petitioner states that counsel was ineffective for not arguing for one.

## CONCLUSION

Petitioner contends that trial counsel failed to argue insufficient evidence through judgment of acquittal do to

the fact that the government failed to set forth any evidence that petitioner committed the crime alleged in count-

two beyond a reasonable doubt.

Counsel should have argued for an acquittal but failed to do so, and therefore his performance fell below an

objective standard of reasonableness and prejudice the defense.

Petitioner ask this Honorable court to dismiss count two and all other counts connected to count two, namely

count-one, as well as any other relief this court deems just and right including an evidentiary hearing.

FROM:
TO:
SUBJECT: legal 11
DATE: 10/20/2022 06:34:18 PM

ARGUMENT

GROUND ONE
ISSUE THREE

### INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Petitioner argues that trial counsel was ineffective for failing to argue for an acquittel on insufficient evidence as to counts 17,18,24,25,26,27,28,29,30,31,32, and 33, under accomplice liability (aiding and abetting) due to the fact that 18 U.S.C.2 requires that another committed the substantive offense. When in fact the proof at trial was that the petitioner was the principle in all counts, and therefore did not have knowledge of another principle actor.

The Third circuit in United States v Mercado has held: One who aids and abets the possession, manufacture, or distribution of a controlled substance in violation of 21 U.S.C 841(a)(1) is punishable as a principle. 18 U.S.C.2 And one is guilty of aiding and abetting if the government proves: (1) that another committed a substantive offense, and (2) the one charged with aiding and abetting knew of the substantive offense and acted to facilitate it. See: United States v Mercado 610 F.3d 841,846 2010 U.S. App. Lexis 13812 at * 12-13 (3d cir. 2010)

In the above listed counts, the jury was instructed as follows: A person may be guilty of an offense because he personally committed the offense himself or because he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice, the person whom the accomplice aids and abets is known as the principle.

In this case, the government alleges that Juan Jarmon aided and abetted the principle in distribution of cocaine base charge in count 17, Distribution of cocaine base within 1000 feet of public housing charged in count 18, possession of cocaine base with intent to distribute charged in counts 24,26,28,30,and 32, and possession of cocaine base within 1000 feet of public housing with intent to distribute charged in counts25,27,29,31, and 33. See: Jury Charge at pg. 79-80.

Petitioner argues that the government failed to prove in all the above listed counts that another committed the substantive offense as required by law, and that petitioner had knowledge of the principle actor as also required to sustain a conviction as an aider and abettor,and therefore counsel was ineffective for not arguing for an acquittal.

------------------------- --------------------------------------------------------------------------- ----

FROM:
TO:
SUBJECT: count 12
DATE: 10/20/2022 07:27:39 PM

Counts 17-18 Distribution of cocaine base, and Distribution of cocaine base within 1000 feet of public Housing.

Petitioner submits that as to counts 17-18, that the governments proof at trial was that the petitioner was the person who distributed the cocaine base. In fact, the Third circuit in United States v Jarmon stated, Jarmon claims the evidence was insufficient to convict him of several substantive drug offenses charged in counts 7-18 and 24-33. Counts 7-18 were based on controlled purchases of crack directly from Jarmon, He claims the evidence was insufficient because the governments cooperators who made the purchases were unreliable.

See: United states v Jarmon 14 f. 4th 268 2021 App. Lexis 27664 at *12 (3d cir. 2021).

Petitioner avers that what has been set forth above by the third circuit, is law of the case, and since it plainly states that counts 7-18 were based on controlled purchases of crack DIRECTLY FROM JARMON, then it must be excepted that he committed the substantive offense, and not another as required by law.

Again, Before a defendant may be convicted of aiding and abetting, it must first be established that someone committed the principle offense. See: United States v Feliziani 472 F.Supp. 1037, 1048 (3dist. 1979).

Counts 24-33 Possession of cocaine base with intent to distribute and possession of cocaine base within 1000 feet of public housing with intent distribute.

Petitioner further argues that counsel was ineffective for failing to argue for dismissal of counts 24,26,28,30, and 32, for aiding and abetting the possession of cocaine base with intent to distribute, and counts 25,27,29,31, and 33 for aiding and abetting the possession of cocaine base within 1000 feet of public housing with intent to distribute.

A conviction for possession with intent t distribute a controlled substance requires that one knowingly and intentionally possessed the controlled substance with intent to distribute it.

See: United States v Salmon 944 F.2d 1106, 1113 U.S. App. lexis 21727 * 13 (3d cir. 1991).

An aiding and abetting conviction requires that another committed the substantive offense and that the one charged with aiding and abetting knew of the substantive offense commission and acted with intent to facilitate it.

See: Id. at salmon Lex * 13-14.

----------------------------------------    ----------------------------------------

FROM:
TO:
SUBJECT: legal 13
DATE: 10/21/2022 10:25:02 AM

    Petitioner avers that he could not have the knowledge that a principle intended to distribute or possess drugs with intent to distribute when he was the principle actor in these listed counts.

    As to counts 24-33 the jury was instructed as to the possession in the above counts:

    To possess a controlled substance means to have it within a persons control, the government does not have to prove that the defendant physically held the controlled substance, that is had actual possession of it. As long as the controlled substance was within the defendant's control, he possessed it.

    If you find that the defendant either had actual possession of the controlled substance or had the power and intention to exercise control over it, even though it was not in his physical possession-that is, that the defendant had the ability to take actual possession of the substance when he wanted to do so-you may find that the government has proved possession.

    The law also recognizes that possession may be sole or joint, if one person alone possesses a controlled substance, that is sole possession. However, more than one person may have the power and intention to exercise control over a controlled substance, this is called joint possession. if you find that the defendant had such power and intention, then he possessed the controlled substance, even if he possessed it jointly with another.

See: Jury Charge at pg. 68-69.

    Petitioner argues that the proof during trial was that petitioner (Jarmon) was one of the leaders of the drug trafficking group and as a leader, he supplied crack cocaine to shift sellers, including Rasheen Chandler and Dotti Good, who both testified for the government at trial.

    TESTIMONY OF RASHEEN CHANDLER:

Q. Okay, back in 2013, what if anything did you do for money?
A. Clean Houses and grind or sell drugs.
Q. What kind of drugs were you selling?
A. Crack cocaine.
Q. Who were you selling those drugs for?
A. Juan and Boo.

See: Tr. Tran. at pg. A256:20-25  A257:1.

---------------------------------------------------------------------------------

FROM:
TO:
SUBJECT: legal 14
DATE: 10/21/2022 11:25:00 AM

. Q. Okay, at the time you started to sell crack cocaine for Juan Jarmon, did you agree to work for him for a certain amount of money?
   A. Yes.

See: Tr. Tran. at pg. A258:21-24.

Q. And about how long in total, how many months did you work for Juan Jarmon selling crack cocaine?
A. Eight to Nine Months.

See: Tr. Tran. at pg. A264:7-9.

TESTIMONY OF DOTTIE GOOD:

Q. Okay, and you met Mr...-- you met Juan Jarmon, you said at a store?
A. Yes.
Q. And what if anything did you guys discuss when you first met?
A. That he was trying to open up the Hemberger Building on the 18th floor and needed workers.
Q. when you say he ask you if you wanted to make money, did he tell you what he wanted you to do?
A. Yes sell crack.
Q. Okay, did you agree to sell crack cocaine for him?
A. Yes.

see; Tr. tran. at pg. A373:3-21.

Q. Okay, after you started working for him, what was that like? who supplied you with the crack cocaine to sell
A. Juan Jarmon.

See: tr. Tran. at pg. A374: 12-14.

   Petitioner again states that the proof at trial was that he and Edwards (Boo) was the leaders of a drug trafficking group on the 18th floor of the Hemberger Building and that the petitioner (Jarmon) purchased crack cocaine and supplied it to his workers to sell for him.

   Petitioner argues that it cannot be disputed that the proof at trial was that the controlled substance that was alleged in the above counts was at all times under his control, as he was considered the leader, and supplier to his group of workers.

   Petitioner avers that in all the listed counts, that the proof showed him to be in possession of the controlled substance (the principle actor) and therefore there was insufficient evidence to convict him as an aider and abettor since the law plainly and unambiguously holds that there must be another person who committed the substantive offense. (Possession of the controlled substance with intent to distribute).

------------------------------------------------------------------------

FROM:
TO:
SUBJECT: legal 15
DATE: 10/22/2022 07:27:03 AM

As the DC circuit has held, one can not aid and abet an aider and abettor, nor can one aid and abet oneself.
(one element of aiding and abetting is the commission of the substantive offense by someone else).

See: United States v Teffera  985 F.2d 1082,1086 (DC cir. 1993).

Petitioner therefore argues that counsel should have argued for a motion of acquittal as to all the above listed

counts, due to the argument set forth herein including that there was no proof (Evidence) that the petitioner had

knowledge of a principle actor as required by law.

Petitioner states that throughout this issue that he has shown that counsel,s performance did fall below an

objective standard of reasonableness, and that counsel's performance unfairly prejudiced the defense.

CONCLUSION

Petitioner avers that he proof shows that he could not be convicted as an aider and abettor on the above listed

counts in this issue, and therefore ask this honorable court to dismiss the listed counts of conviction and sentences

or in the alternative to hold an evidentiary hearing.

Petitioner must further submit to this Honorable court, that part of the counts listed in this issue does effect

the overall sentence in this case as counts 18,25,27,29,30,31, and 33, were used to determine the offense level,

and therefore, if this court grants relief on this issue, then petitioner would further ask for a resentencing on the

other counts as well.

ARGUMENT

GROUND TWO
ISSUE ONE

INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL

Counsel was ineffective during the appeal process for failing to argue that the jury's determination as to the

drug quanity in the conspiracy (count-one, 21 U.S.C. 841(a)(1) - 21 U.S.C. 846) was insufficient to establish that

petitioner was responsible for distributing 280 grams or more of crack cocaine on any discrete violation of section

841, in light ot the Third circuit holding in United States v Rowe.

FROM:
TO:
SUBJECT: legal 16
DATE: 10/22/2022 07:23:12 PM

On count one, the petitioner was charged as follows:

From at least in or about late 2012, through late 2014, in Philadelphia, in the eastern district of Pennsylvania, and elsewhere, defendant's Juan Jarmon, Etc.,---conspired and agreed together and with other unknown to the grand jury, to knowingly and intentionally distribute 280 grams or more of a mixture and substance containing a detectable amount of cocaine base (crack) a schedule II controlled substance, in violation of 21 U.S.C. 841(a)(1), (b)(1)(A).     All in violation of 21 U.S.C. 846.

Petitioner argues that just as United States v Rowe919 F.3d 752 (3d cir. 2019). and Alleyne v United States 570 U.S. 99 *2013) bar the aggregation of drug quantity for discrete violations of 841(a)(1)--- they also bar aggregation for violation of 846 and counsel should have argued so.

The Third circuit in United State v Rowe stated and held, under 21 U.S.C. 802(11), distribution occurs when a controlled substance is delivered. Delivery is the actual constructive or attempted transfer of a controlled substance. 21 U.S.C. 802(8). our sister circuits have held that the plain language of 841(a) indicates that each unlawful transfer is a distinct offense. United States v Lartey 716 F.2d 955,967 (2d. cir 1983). See: United states v Mancuso 718 F.3d 780,793 (9th cir. 2013). See also, United States v Elliott 849 F.2d 886,889 (4th cir. 2013)(The more precise terms "deliver and transfer" suggest that congress intended the statute to criminalize individual acts, rather than a continuous course of conduct). We agree with their reasoning and hold that separate acts of distribution of controlled substances are distinct offenses under 21 U.s.C. 841(a) as opposed to a continuing crime. se: United states v Rowe 919 F.3d 752,759 2019 U.S.App. Lexis 9621 *10 (3d cir. 2019).

Petitioner argues that without the calculation on an aggregated basis, that there was no proof that he was liable for distributing or possession with intent to distribute 280 grams or more of crack, and counsel should have argued so.

Petitioner avers that the offense (Distribution) the commission of which was the object of the 846 conspiracy, arose under 21 U.S.C. 841 in this instant case. And that the aggregated calculation the jury used in determining the total amount of quantity was in error and had a injustice effect on petitioner's sentence.

---------------------- --------------------------------------------------------------------

FROM:
TO:
SUBJECT: legal 17
DATE: 10/23/2022 01:34:25 PM

In order to set the statutory sentencing goalpost, the jury had to determine drug quantities as prescribed in 841(b) See; Rowe 919 F.3d at 759 (citing Alleyne 570 U.S. at 103). Because the weight involved in a violation of 841(a) increases the statutory penalty, (drug weight) is an element of the offense that must be proven beyond a reasonable doubt.

Rowe instructs that for an 841(a) distribution or possession with intent to distribute offense, drug quantity as prescribed under 841(b) is not calculated on an aggregated basis, rather, drug quantity is based on discrete violations of 841.

Because the penalties under 846 are the same as the penalties for the object of the 846 offense, the calculation for determining drug quantity MUST also be the same.

Petitioner states that it is axiomatic that, when a statute addresses a question presented, the court must start with the statutory text. See: United States v Johnman 948 F.3e 612,616 (3d. cir. 2020).(Quoting Sebelius v Cloer 569 U.S. 369,375 (2013). Further, when a statutes text is plain, the court must enforce the terms according to their ordinary meaning at the time congress enacted the statute. United states v Jabateh 974 F. 3e 281, 292 (3d cir. 2020)(Quoting Wisconsin cont. Ltd. v United States 138 S. ct 2067, 2070 (2018). and when the text is ambiguous the rule of lenity requires the court to select the interpretation favorable to criminal defendants. See: Bifulco v United States 447 U.S. 381, 387 (1980).

In line with these principles, 21 U.S.C. 846 provides that any person who---conspires to committ any offense defined in this subchapter shall be subject to the SAME PENALTIES as those prescribed for the offense, the commission of which was the object of the---conspiracy. See: 21 U.S.C. 846.

While the common law understanding of the conspiracy was critical of determining whether 846 required proof of an overt act. United States v Shabani 513 U.S. 10, 13-14 (1994). Congress clearly indicated that the offense, the commission of which was the object of the---conspiracy, would set the parameters for penalties in conspiracy cases.

Section 846 provides that the penalties for a controlled substance conspiracy are the same as the penalties for the underlying controlled substance offense. 21 U.S.C. 846.

----------------------------------------------------------------------------------

FROM:
TO:
SUBJECT: legal 18
DATE: 10/23/2022 02:31:22 PM

The Supreme court has held, when applying a criminal statue, we generally must follow the plain and unambiguous meaning of the statutory language.   United States v Albertini 472 U.S. 675, 680  105 S.ct 2897, 2902 86 L.Ed 2d 172 (1985) courts should interpret the words of a statute in context and avoid constructions that would render statutory language superfluous or inoperative.  Hibbs v Winn 542 U.S. 88, 101  124 S. ct. 2276, 22886  159 L.Ed.2d 172 (2004).

Petitioner argues that in line with Rowe and the statute of 846 that when calculating the quantity, each and every violation still falls under 841(b).

And as Rowe instructed that for a 841(a) distribution or possession with intent to distribute, drug quantity as prescribed under 841(b) is not calculated on an aggregated basis, but rather is based on discrete violations of 841.

Petitioner states that the statutes of 21 U.S.C. 841 and 846, as well as Rowe, dictate the results, and if counsel would have researched the statutes along with the holding in Rowe,  Counsel would have determine that there was insufficient evidence to prove quantity of 280 gram or more of cocaine base (crack) on any discrete violation that was evidenced as being committed in this case.

Counsel's failure to argue that the logic of Rowe must apply with equal force to the 846 offense charged against the petitioner,    fell under ineffective assistance and violated the petitioners sixth amendment right.

## CONCLUSION

Petitioner states that counsel during the appeal process was not acting as counsel guaranteed under the Constitution, and that her performance fell below a reasonable objective standard and prejudiced the defense.

Petitioner therefore ask this Honorable court to grant this issue in light of the argument and facts set forth herein, and grant a new sentencing hearing without the aggregating calculation of the quantity as Rowe demands, OR in the alternative, grant a evidentiary Hearing to resolve this issue, OR other relief this court deems just and right.

FROM:
TO:
SUBJECT: legal 19
DATE: 10/23/2022 03:00:12 PM

.     Throughout this 28 U.S.C. 2255 and Memorandum of law in support there of, The petitioner has alleged Ineffective

Assistance Of Counsel,

    In line with the Supreme court in Strickland v Washington, the defendant must show that counsel's performance

was deficient, this requires showing that counsel made errors so serious that counsel was not functioning as the

counsel guaranteed the defendant by the sixth amendment.  Second, the defendant must show that the deficient

performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the

defendant of a fair trial, a trial whose result is reliable.  See: Strickland v Washington 466 U.S. 668,687  104 S. ct.

2052  80 L.Ed.2d 674 (1984).

    Petitioner avers that he has shown the above STRICKLAND requirements throughout each and every issue and

therefore ask this Honorable court to grant the relief requested on each issue, due to ineffective assistance of

counsel.

DATE  1-13-23     2022,                               RESPECTFULLY SUBMITTED

                                                      ------------------------
                                                      JAUN JARMON
                                                      # 75091-066
                                                      United states Penitentiary Allenwood
                                                      P.O. Box 3000
                                                      Whitedeer PA.   17887

                        CERTIFICATE OF SERVICE

    Petitioner certifies that on                2022, a true and correct copy of the foregoing 28 U.S.C. 2255 and

Memorandum of Law in support, was placed in the U.S. Mail, First Class, Postage prepaid, to the following:

United states Attorney
Jerome M. Maiatico
U.S. Attorney's office
615 Chestnut Street   suite 1250
Philadelphia  PA.   19106

Dear Clerk

Please find enclosed for filing, in the case of United States v. Juan Jarmon CCIM. No. 17-72 Doc. No. 2:17CR000C 72-000, A original and Two copies of 28 U.S.C.2255 and memorandum of Law in support thereof.

DATE 1-13-23                    RESPECTFULLY SUBMITTED

                                JUAN JARMON
                                # 75891-066
                                United States Penitentiary Allenwood
                                P.O. Box 3000
                                White deer PA 17887

Juan Jarmon # 75891-046
F.C.C. U.S.P. Allenwood
P.O. 3000
White, Deer, PA
17887

U.S.M.S.
X-RAY

JAN 1 8 2023

JAN 23 2023



Mailed From US Penitentiary

U.S. Court Clerk

601 Market St Room 2609

Phila, PA 19106-1729

EXPECTED DELIVERY DAY: 01/27/23

C019

SHIP TO:
601 MARKET ST
RM 2609
PHILADELPHIA PA 19106-1732

USPS TRACKING® #

9505 5135 2176 3019 3296 80



PRIORITY MAIL

UNITED STATES POSTAL SERVICE®
For Domestic and International Use

TRACKED INSURED

Label 107R, May 2